**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EL MOKHTAR ZEYAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 3:26-cv-863 |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| TODD BLANCHE, *et al.* | ) | |
| | ) | Docket No. 1 |
| Respondents. | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) and Respondents' Opposition to said Petition (Docket No. 5). Petitioner is a citizen of Mauritania, who entered the United States in March 2023, was detained by immigration officials (ICE) shortly after his entry and released on his own recognizance, whereafter he filed a timely application for asylum. On April 27, 2026, he was arrested and detained, and remains in physical custody at the Moshannon Valley Processing Center, without a bond hearing.

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b) and seeks immediate release or, as an alternative, an individualized bond hearing before an Immigration Judge, and other relief. In opposition, Respondents contend that in accordance with the Board of Immigration Appeals' decision in *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) pending completion of his removal proceedings, including consideration of his asylum claims as a defense to removal. Despite extensively acknowledging the prior decisions of Judges on this Court, as well as decisions of the Circuit Courts, to the contrary, the Government

1

reaffirms its position that mandatory detention applies. Respondents do not dispute that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2).

The Court has considered the parties' positions and rejects Respondents' contention that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). It has previously noted that the United States Courts of Appeals for the Third Circuit has not yet addressed this issue, and affirmatively joins with the Courts of Appeals for the Second, Eleventh and Sixth Circuits,[1] and the vast majority of district courts (including, so far as the Court is aware, all district court decisions within the Third Circuit).[2] *See F.B. v. Oddo, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.).   For the reasons set forth in that Memorandum Opinion, the Court now holds that Petitioner's detention is governed by § 1226(a) and that he has a clear right to an individualized bond hearing under § 1226(a) and its implementing regulations.

## ORDER

AND NOW, this **19th** day of May, 2026,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus [1] is GRANTED IN PART and DENIED IN PART;

---

[1] *See Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, 2026 WL 1283891 (6th Cir. May 11, 2026).

*Cf. Castañon-Nava v. U.S. Dep't of Homeland Sec.* ("*Castañon-Nava I*"), 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec.* ("*Castañon-Nava II*"), 2026 WL 1223250 (7th Cir. May 5, 2026).

*But see Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2] *See, e.g.*, *Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, Respondents shall provide notice to the Court of the outcome of the bond hearing;

IT IS FURTHER ORDERED that the Petition is DENIED to the extent it requests any additional relief beyond the bond hearing, and Petitioner's claim at Count II is denied.

An appropriate Judgment follows.


 *s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record